PUTHOFF ET AL. *v.* NIEHAUS ET AL.

(No. 81-3343-CV-H—Decided
December 2, 1983.)

Celina Municipal Court.

*Mr. Gregory D. Wilson,* for plaintiffs
Larry H. and Nola J. Puthoff.
*Mr. John F. Moul,* for defendants
Charles R. and Patricia R. Niehaus.

S.J. WALTERS, J. This cause came
on upon complaint of the plaintiffs,
answer of the defendants, the evidence,
arguments of counsel and briefs of
counsel for the parties.

The defendants purchased land on the
south side of Grand Lake, St. Marys, in
1955, and thereafter built a summer home
on the land. The summer home was used
by the defendants for summer weekend
occupancy. During the time the defen-
dants owned the premises, in an attempt
to solve a water problem, they installed a
tile from the patio around the house and
into the lake channel and at two different
times built sea walls to prevent the lake
from rising onto the property. The last
sea wall was constructed approximately
five years prior to the sale to the plain-
tiffs. After construction of the last sea
wall the defendants had no problems with
water other than that occasionally water
from the channel backed up through the
drain onto the patio.

In 1979, defendants sold the property
to the plaintiffs. At or about the time of
sale the defendants, in response to a ques-
tion from the plaintiffs as to whether they
had any water problems with the prop-
erty, answered that the only water prob-
lems they had experienced was that occa-
sionally water backed up from the channel
through the drain and onto the patio.

After the plaintiffs purchased the
premises in 1982 water came through the
drain and over the sea wall and rose to a
height of eight inches in the basement or
lower level room of the property.

As stated in plaintiffs' brief, the case
of *Friedland* v. *Lipman* (1980), 68 Ohio
App. 2d 255 [22 O.O.3d 422], provides
that a claim of common-law fraud re-
quires proof of all six of the following
elements:

(1) A representation or, where there
is a duty to disclose, concealment of a
fact,

(2) which is material to the transac-
tion at hand,

(3) made falsely with knowledge of
its falsity, or with such utter disregard
and recklessness as to whether it is true
or false that knowledge may be inferred,

(4) with the intent of misleading
another into relying upon it,

(5) justifiable reliance upon the
representation or concealment, and

(6) a resulting injury proximately
caused by the reliance.

The court finds no proof of the third and fourth elements as set out in the *Friedland* case. The plaintiffs asked the defendants if they had experienced water problems to which the latter replied that they had none. In fact, they had none since construction of the last sea wall which defendants believed would keep the lake from rising onto the property in all events. They had experienced water backing from the channel through the drain and onto the patio, about which they had told the plaintiffs.

It may be remembered that the spring of 1982 was an extremely wet spring caused by frozen ground, excessive rain and excessive snow melt, causing lakes and creeks to rise and basements to be flooded all over northwestern Ohio. We do not believe that the defendants are required to anticipate abnormal flood conditions and warn the plaintiffs about them. The defendants had experienced no water over the sea wall since building the last sea wall; consequently, the defendants believed and were justified in believing that the sea wall would contain the lake and that the only problem would be water backup from the channel through the drain.

Therefore, the court concludes that the defendants made no false statements with knowledge of their falsity nor were defendants aware of any facts concerning the property which they were under a duty to disclose to the plaintiffs, and that the defendants had no intent to mislead the plaintiffs.

The court further finds that judgment should be rendered in favor of the defendants and against the plaintiffs with costs to the plaintiffs.

*Judgment for defendants.*

S.J. WALTERS, J., of the Van Wert Municipal Court, sitting by assignment in the Celina Municipal Court.